BOOTH, Judge,
dissenting.
There is no showing that the trial court, in denying the motion for severance, abused its discretion as that discretion is defined most recently by the Florida Supreme Court in Menendez v. State, 368 So.2d 1278 (1979).
Rule 3.152(2), Florida Rules of Criminal Procedure, provides for the procedure used by the trial court in the instant case with respect to the co-defendant’s statement. That Rule is, in pertinent part, as follows:
“If a defendant moves for a severance of defendants on the ground that an oral or written statement of a codefendant makes reference to him but is not admissible against him, the court shall determine whether the State will offer evidence of the statement at the trial. If the State intends to offer the statement in evidence, the court shall order the State to submit its evidence of such statement for consideration by the court and counsel for defendants and if the court determines that such statement is not admissible against the moving defendant, it shall require the State to elect one of the following courses:
(i) a joint trial at which evidence of the statement will not be admitted;
(ii) a joint trial at which evidence of the statement will be admitted after all references to the moving defendant have been deleted, provided the court determines that admission of such evidence with deletions will not prejudice the moving defendant; or
(iii) severance of the moving defendant. . . . ” (e. s.)
The rationale of the majority effectively precludes use of the foregoing procedure and overrides without appropriate consideration the exercise of the trial court’s discretion. Menendez, supra.
Further, it is clear that the rule of Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) and Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972) applies because the error, if any, was “harmless beyond a reasonable doubt.” Mims was convicted of trespass, not burglary. By Mims’ own admission he was present at the cabin on the day in question. The co-defendant’s statement, even if clearly understood by the jury as applying to Mims, corroborated Mims’ admission and did not prejudice him. Cook v. State, 353 So.2d 911, 917 (Fla. 2nd DCA 1977). The jury chose to disbelieve Mims’ story of having the owner’s permission to be at the cabin. Mims’ entry on the premises was therefore unlawful and his conviction for trespass should be affirmed.
I respectfully dissent.